USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

UNITED STATES OF AMERICA,

-*against*-

RYAN RAGONESE,

        *Defendant.*

---------------------------------------------------------------X

19 Cr. 154 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Ryan Ragonese moves for a preliminary ruling on whether his 1996 New York state conviction for attempted sodomy in violation of New York Penal Law 130.50(3), triggers the sentence enhancement provisions of two federal child-pornography statutes. On March 4, 2019, Ragonese was indicted on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Both statutes contain sentencing enhancements that apply where a defendant has a prior conviction under, *inter alia*, state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward." 18 U.S.C. §§ 2252A(b)(1); 2252A(b)(2). If Ragonese's 1996 conviction qualifies, the range of sentence (1) for receiving child pornography increases a mandatory minimum of five years with a maximum of 20 years to a mandatory minimum of 15 years with a maximum of 40 years, (2) for possessing child pornography increases from a maximum of ten years to a mandatory minimum of ten years with a maximum of 20 years. *Id.*

The parties ask the Court to determine whether the statutory enhancements apply here so that defense counsel can advise Ragonese prior to accepting any guilty plea.[1] At issue is whether a violation of New York's sodomy statute which criminalizes sexual acts necessarily "relat[es] to" abusive sexual conduct with a minor such that it triggers the relevant penalty enhancements. For the following reasons, the Court holds that Ragonese's prior conviction for attempted sodomy subjects him to the applicable sentence enhancements.

## DISCUSSION

### I.  Applicable Approach

"To determine whether a state offense qualifies as a predicate offense for a federal mandatory minimum sentence, 'courts generally take a categorical or modified categorical approach.' " *United States v. Barker*, 723 F.3d 315, 319 (2d Cir. 2013) (quoting *United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012)). Under these approaches, sentencing courts do not examine the facts underlying a defendant's prior conviction. Instead, courts "look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offense [ ], and *not* to the particular facts underlying th[at] conviction [ ]." *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013). A modified categorial approach applies where "a divisible statute, listing potential offense elements in the alternative, renders opaque which elements played a part in the defendant's conviction." *Id.*

Here, both parties agree that a modified categorial approach applies because the relevant New York statute is divisible into predicate and non-predicate offenses, listed in separate subsections. (*See* Def. Mot. at 8, Dkt. 16; Gov't Mem. in Opp'n at 5, Dkt. 19.) When Ragonese

---

[1] Defendant's motion appears to be appropriate since he is entitled to know the maximum penalty to which he is exposed. *See* Fed. R. Crim. P. 11(b)(1)(H). Further, the Government "does not oppose, as a procedural matter" Defendant's application. (*See* Gov't Mem. in Opp'n at 4.)

2

was convicted of attempted sodomy, Section 130.50 provided that "a person is guilty of sodomy in the first degree when he engages in deviate sexual intercourse with another person" committed under any of the following circumstances in § 130.50(1) through (3). Ragonese concedes he was convicted under subsection three which proscribes sexual conduct against another person "less than eleven years old." (Def. Mot. at 8.) Thus, the elements of the offense to which Ragonese pleaded guilty were: (1) engaging in deviate sexual intercourse with another person, (2) who is less than eleven years old. The question to be resolved is whether the sentencing enhancements in 18 U.S.C. § 2252A(b)(1) and 18 U.S.C. § 2252A(b)(2) are triggered by the 1996 conviction.

## II. A Prior Conviction Must Relate to Abusive Sexual Conduct

The sentencing enhancements are applicable where the prior state conviction qualifies as an offense enumerated in the federal penalty provision (e.g., where the prior conviction was for sexual abuse), and where the state conviction is one "*relating to*" aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. *United States v. Vado*, 14 Cr. 666 (PAE), 2015 WL 1611337, at *4 (S.D.N.Y. Apr. 10, 2015). Accordingly, Ragonese's prior conviction triggers the sentencing enhancements in § 2252A if an offense under Section 130.50(3), by its elements and nature "relat[es] to abusive sexual conduct involving a minor." *Barker*, 723 F.3d at 323.

The Second Circuit has broadly interpreted "*relating to*" to apply not simply to state offenses that are equivalent to sexual abuse, "but rather to any state offense that stands in some relation to, bears upon, or is associated with the generic offense." *Id.* at 322-23 (emphasis added). The Second Circuit concluded that Congress intended that the category of prior convictions relating to abusive sexual conduct involving a minor potentially encompass

3

convictions under a variety of state laws, such as the various statutory rape provisions. *Id.* at 323. Thus, the Second Circuit explained that even if various state statutes are materially different than the federal analogue or otherwise lack certain aggravating factors, they still may trigger the applicable penalty enhancement if they "relate to the sexual abuse of a minor as that phrase is ordinarily understood." *Id.* at 323-24; *United States v. Allen*, 750 F.3d 209, 213 (2d Cir. 2014).

In *Barker*, the Second Circuit affirmed the district court's holding that the Vermont statute at issue satisfied the predicate offense criteria for an enhancement. The Vermont statute—like New York Penal Law § 130.50(3)—imposed strict criminal liability. The Vermont statute provided, in relevant part, that a person could be found guilty for "engag[ing] in a sexual act[2] with another person and...[t]he other person is under the age of 16." *Barker*, 723 F.3d at 320 (citing Vt. Stat. Ann. Tit. 13 §3252(a)(3)). The Second Circuit, having concluded that the Vermont statute proscribed non-consensual sexual acts with a minor (as did New York Penal Law § 130.50(3) in 1996) held that the state law offense subjected the defendant to a sentencing enhancement. *Id.* at 324. The court explained, a "law that proscribes non-consensual sexual acts with a minor victim addresses, by its nature, abusive sexual misconduct involving a minor," which the court noted was defined ordinarily as "misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Id.* *See also Allen*, 750 F.3d at 213 (explaining that because the statute [at issue in *Barker*] criminalized sexual acts with persons under the age

---

[2] Vermont's statutory rape provision defined sexual acts as oral, genital, or anal contact/penetration, with a person under the age of 16 to whom the offender is not married. *Barker*, 723 F.3d at 324 (citing Vt. Stat. Ann. Tit. 13 § 3252(a)(3)).

4

of 16, the Second Circuit concluded that this conduct "plainly" related to the "sexual abuse of a minor.").

Here, the parties dispute whether Ragonese's conviction "*relates to*" abusive sexual conduct involving a minor. The dispute turns on the fact that New York's sodomy statute does not require intent. At the time of Ragonese's conviction "deviate sexual intercourse" was defined as "*sexual* conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and vulva." N.Y. Penal Law § 130.00(2) (emphasis added). The defendant argues that when Ragonese was convicted, a violation of Section § 130.50(3) was not limited to conduct undertaken for the purpose of sexual gratification, but also theoretically encompassed conduct for non-sexual purposes such as to humiliate or torture and thus, his prior conviction does not "*relate to*" abusive sexual conduct involving a minor.[3] (Def. Mot. at 8.)

### III. Application

Although the Second Circuit has recognized that "abusive sexual conduct involving a minor" is defined *ordinarily* as "maltreatment of a minor for a purpose associated with sexual gratification," the Second Circuit has not limited eligible predicate offenses to only those explicitly requiring "the purpose of sexual gratification" as an element of the offense. Rather, the *Barker* court affirmed a sentencing enhancement applied where the defendant was convicted under Vermont's statutory rape law which—like the New York statute at issue—imposed strict liability. 723 F.3d at 324. *Barker* is controlling.

The defendant relies primarily on *Vado* to argue that a prior conviction must establish that the defendant committed an act for the purpose of sexual gratification to qualify as a

---

[3] The New York statute did not further define "sexual conduct" at the time of Ragonese's state court plea.

5

predicate offense under Sections 2252A(b)(1) and 2252A(b)(2). In *Vado*, Judge Engelmayer found that a prior conviction did not "relate to" abusive conduct involving a minor if it could be committed with both sexual and non-sexual intent. 2015 WL 1611337 at *13. The court, however, found that the New Jersey statute at issue covered not only acts of sexual abuse, but also outlier conduct (e.g., an adult spanking a child through clothing for humiliation purposes). *Id.* at *12, 14.

The defendant's reliance on *Vado* is unavailing. The court in *Vado* found that the New Jersey statute at issue covered a variety of conduct *including "utterly" nonsexual conduct* before proceeding to analyze intent. *Id.* at *12 (emphasis added). In other words, the court first determined that the statute was not "unquestionably" related in all applications to sexual abuse laws like the statute in *Barker*. *Id.* Further, the court identified cases in which the New Jersey statute was used to convict defendants for non-sexual conduct. *Id.* at *14.

Here, New York's sodomy statute criminalized "non-consensual *sexual* acts [not nonsexual acts] with a minor victim" less than eleven years old and thus, by its nature, addresses "abusive sexual conduct involving a minor." *Barker*, 723 F.3d at 324. The New York statute underlying the defendant's 1996 conviction is nearly equivalent to the Vermont statute held to trigger the sentence enhancement in *Barker*. New York's statute prohibited conduct "consisting of contact between the penis and the anus, the mouth and penis, or the mouth and vulva" (*see* N.Y. Penal Law § 130.00(2)), which is almost indistinguishable from the "oral, genital, or anal contact/penetration" prohibited by the statute at issue in *Barker*.

The statute at issue in *Vado* is different from the statute here in in two material respects: (1) the New Jersey statute also covered nonsexual conduct[4]; and (2) the statute explicitly

---

[4] "The [New Jersey] statute therefore criminalizes such utterly non-sexual conduct as an adult spanking a child on the buttocks to humiliate him or her, a high-school student ostentatiously grabbing his or her own buttocks or

6

provided that conduct could be "for the purpose of degrading or humiliating the victim or sexually gratifying the actor." 2015 WL 1611337 at *5 (citing N.J. Stat. Ann. § 2C:14-1d). Although New York's sodomy statute imposed strict liability and did not explicitly require conduct to be for the purpose of sexual gratification, the statute exclusively covered *sexual* acts with a minor and thus, in all applications relates to sexual abuse laws. *Id.* at *11; *see also Beardsley*, 691 F.3d at 269 (explaining that the New York statute governing child endangerment covers a variety of conduct most of it nonsexual and thus, did not "relate to" the sexual abuse of minors for the purpose of triggering a sentence enhancement). The defendant does not argue that New York's sodomy statute covers any "outlier" nonsexual conduct and points to no cases where the statute has ever been used to convict defendants for a purpose not associated with sexual gratification. Because New York's sodomy statute criminalized only sexual acts with persons under the age of eleven, Ragonese's prior conviction "relate[s] to" "abusive sexual conduct involving a minor" as that phrase is ordinarily understood and thus, triggers the penalty enhancements. *See United States v. Salvatore*, 568 F. App'x 76 (2d Cir. 2014) (summary order) (affirming prior conviction under New York Penal Law § 130.50 triggered sentencing enhancement in § 2252A(b)(1)).

---

genitals to signal 'you are this' to a rival as a sign of ultimate disrespect, a fraternity brother mooning (or worse) a crowd that included youngsters during a public event, or a police officer conducting an unnecessary pat-down or cavity search to degrade a young suspect. Such conduct, however offensive and meriting of prosecution it may be, is a long way from "sexual abuse" as that term is commonly understood. In *no* vernacular sense of the term can such acts be considered "relating to" sexual abuse." *Vado*, 2015 WL 1611337 at *14 (emphasis added). Here, the same rationale does not apply where the only conduct criminalized by New York's statute is "deviate sexual intercourse" defined as "sexual conduct...consisting of contact between the penis and the anus, the mouth and penis, or the mouth and vulva." N.Y. Penal Law § 130.00(2) (emphasis added).

7

## CONCLUSION

For the foregoing reasons, the Court denies Ragonese's motion and holds that Ragonese's prior conviction, for attempted sodomy under New York Penal Law 130.50(3), triggers the sentence enhancements in §§ 2252A(b)(1), 2252A(b)(2). The Clerk of the Court is directed to terminate the motion at Docket 15. A status conference is scheduled to go forward on Wednesday, September 25, 2019 at 3:45pm in Courtroom 14-C. Time is excluded through September 25, 2019.

Dated: New York, New York
September 10, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge